**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50332 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00729-BAS-1 |
| v. | |
| LAHKWINDER SINGH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted October 15, 2019[*]
Pasadena, California

Before: NGUYEN and MILLER, Circuit Judges, and VITALIANO,[**] District Judge.

Appellant Lahkwinder Singh appeals from an order of forfeiture in the

amount of $1,955,521 imposed on him by the district court as part of his sentence

following conviction upon his plea of guilty to one count of structuring currency

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

1

transactions to evade reporting requirements, in violation of 31 U.S.C. §§ 5324 (a)(3) and (d)(2). The sole question presented on appeal is whether the forfeiture amount was so grossly disproportional to his offense that it contravenes the Eighth Amendment. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 1294, we affirm.

Although courts are not bound by "any rigid set of factors" in determining the propriety of a challenge to an order of criminal forfeiture imposed at sentence, we look for guidance to those applied in *United States v. Bajakajian*, 524 U.S. 321 (1998): "(1) the nature and extent of the crime, (2) whether the violation was related to other illegal activities, (3) the other penalties that may be imposed for the violation, and (4) the extent of the harm caused." *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1121–22 (9th Cir. 2004) (citing *Bajakajian*, 524 U.S. at 337–40). In making this determination, we review a district court's interpretation of federal criminal forfeiture law *de novo* and its findings of fact for clear error. *Bajakajian*, 524 U.S. at 337 n.10.

In assessing whether an order of forfeiture is grossly disproportional, we consider, in part, the nature of the crime, wary of *Bajakajian*'s admonition that isolated reporting offenses do not often constitute serious crimes. *See, e.g., United States v. $132,245.00 in U.S. Currency*, 764 F.3d 1055, 1058 (9th Cir. 2014); *$100,348.00 in U.S. Currency*, 354 F.3d at 1122. Significantly, although he did

not plead guilty to drug trafficking, Singh does not dispute that his structuring activity was related to illicit drug proceeds. His offense of structuring was, thus, a far cry from a single failure to report cash; the totality of his related conduct evidences serious criminality.

Determination of the severity of an offender's criminal culpability for forfeiture purposes requires consideration of other authorized penalties for the crime of conviction, as reflected in the applicable maximum guidelines penalties, because those guidelines reflect legislative judgment as to the appropriateness of punishment and because they "take into account the specific culpability of the offender." *$100,348.00 in U.S. Currency*, 354 F.3d at 1122. Singh's crime carried maximum guidelines punishments of 71 months of imprisonment and a $100,000 fine. Although the forfeiture exceeded the maximum guidelines fine by a factor of almost 20, our consideration cannot be so limited. *See United States v. Mackby*, 339 F.3d 1013, 1018 (9th Cir. 2003) (upholding a civil forfeiture amount approximately ten times greater than the maximum guideline financial penalty). A 71-month maximum term of imprisonment is strong evidence of the severity of Singh's culpability. *See id.* (urging consideration of "the full criminal penalty").

Furthermore, in determining the appropriateness of forfeiture, it will not go unnoticed that a reporting violation causes significant harm when the currency that would have otherwise gone undetected was, more likely than not, connected to

3

drug trafficking. *$132,245.00 in U.S. Currency*, 764 F.3d at 1061; *see also United States v. Chaplin's, Inc.*, 646 F.3d 846, 853 (11th Cir. 2011) ("Attempting to hide drug money is harmful in and of itself."). That every structured dollar, or even a majority of the structured funds, was not directly traceable to Singh's drug shipments is of little consequence, for the scheme as a whole perpetuated drug trafficking.

As a final matter, Singh asks us to consider financial hardship in our analysis. We have not squarely addressed whether such consideration is required or even proper where a forfeiture order is challenged as excessive, and we decline to do so here. Because the four *Bajakajian* factors weigh so heavily in favor of the forfeiture amount, any finding that Singh may suffer some financial hardship, which is a reality in almost every case, would not tip the scales in his favor.

**AFFIRMED.**